Shapiro v Tardalo (2018 NY Slip Op 09029)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Shapiro v Tardalo

2018 NY Slip Op 09029

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


7951N 157718/16

[*1] Mark Shapiro, Plaintiff-Appellant,
vAnthony Tardalo, et al., Defendants-Respondents, State Farm Fire and Casualty Insurance Company, et al., Defendants.

The Zuppa Firm, Garden City (Raymond J. Zuppa of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Barry Jacobs of counsel), for Anthony Tardalo and The National Insurance Crime Bureau, respondents.
Weil Gotschal & Manges LLP, New York (Gregory Silbert of counsel), for Dallas Ragan and Farmers Insurance Company, respondents.
Eversheds Sutherland (US) LLP, New York (Kymberly Kochis of counsel), for Government Employees Insurance Company, GEICO General Insurance Company and GEICO Indemnity Insurance Company, respondents.
Manning & Kass, Ellrod, Ramirez, Trester, LLP, New York (Jeanette L. Dixon of counsel), for Travelers Indemnity Company and Travelers Home and Marine Insurance Company, respondents.
Dechert LLP, New York (Douglas W. Dunham of counsel), for State Farm Mutual Automobile Insurance Company, respondent.
Bruno, Gerbino & Soriano, LLP, Melville (Richard C. Aitken of counsel), for Metropolitan Property and Casualty Insurance Company and MetLife Auto and Home Insurance Agency, Inc., respondents.

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 13, 2017, which denied plaintiff's motion for leave to file a second amended complaint, unanimously affirmed, without costs.
The court did not abuse its discretion in denying plaintiff leave to file a second amended complaint, where the proposed causes of action were precluded by the Noerr-Pennington doctrine (see Eastern R.R. Presidents Conference v Noerr Motor Frgt. , 365 US 127 [1961]; United Mine Workers v Pennington , 381 US 657 [1965]). That doctrine provides immunity to defendants for their cooperation with the government in the criminal investigation against multiple defendants, including plaintiff, for alleged no-fault fraud, notwithstanding plaintiff's allegations that defendants turned over false evidence against him, or that he was ultimately acquitted.
Further, plaintiff does not allege facts from which it might reasonably be inferred that this case falls within the "sham" exception to the Noerr-Pennington doctrine (Alfred Weissman Real Estate v Big V Supermarkets , 268 AD2d 101, 109 [2d Dept 2000]). By contrast, the record supports the inference that defendants had a genuine pecuniary interest in supporting [*2]governmental investigation of insurance fraud (see generally Weissman, 268 AD2d at 109).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK